**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 08-00261** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JOHN MENEWEATHER** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is Petitioner John Meneweather's ("Meneweather") Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 76] , pursuant to 28 U.S.C. § 2255. Meneweather filed a Memorandum of Law [Doc. No. 77] in support of his motion. The Government filed an Answer [Doc. No. 78]. For the reasons that follow, the motion is DENIED.

## I. Background and Procedural History

Meneweather, a federal prisoner, challenges the term of imprisonment imposed upon him by this Court on March 23, 2009 [Doc. No. 32], and as amended by the Court on January 26, 2012 [Doc. No. 65].

On December 11, 2008, pursuant to a plea agreement, Meneweather pled guilty before Magistrate Judge Karen L. Hayes to Count 1, which charged him with being a felon in possession of a firearm, and Count 3, which charged him with distribution of cocaine base or crack cocaine. Prior to the guilty plea, the Government had filed a Notice of Prior Conviction. On January 6, 2009, the Court adopted the Report and Recommendation of the Magistrate Judge and adjudged Meneweather guilty of Counts 1 and 3.

On March 23, 2009, the Court sentenced Meneweather to an 87-month term of

imprisonment on Count 1 and a 120-month term of imprisonment on Count 3, to run concurrently. The Court stated its intent that Meneweather serve a total of 120 months imprisonment. The Judgment was entered into the record on March 26, 2009.

On April 3, 2009, Meneweather, acting *pro se*, timely filed a Notice of Appeal to the United States Court of Appeal for the Fifth Circuit. In a March 10, 2010 Order, the Fifth Circuit noted that Meneweather had been represented by counsel at the district court level, but had filed his Notice of Appeal *pro se.* The Fifth Circuit ordered that he respond within thirty (30) days and notify the Court whether he wished to proceed *pro se*, notify the Court that he had retained counsel, or file a motion for appointment of counsel under the Civil Justice Reform Act. Meneweather failed to comply with this order, and, on April 29, 2010, the Fifth Circuit dismissed his appeal for want of prosecution and for failure to comply with its order. The Fifth Circuit's dismissal was entered in the record of this Court on May 6, 2010.

On October 11, 2011, Meneweather filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582, seeking the retroactive application of the amendment to the federal sentencing guidelines applicable to crack cocaine offenses. On January 26, 2012, the Court reduced Meneweather's 87-month term of imprisonment to 70 months, but did not reduce his 120-month term of imprisonment. Therefore, Meneweather continues to serve a total term of imprisonment of 120 months.

On January 27, 2012, Meneweather filed a Notice of Appeal to the Fifth Circuit from the Court's January 26, 2012 Amended Judgment. On August 15, 2012, the Fifth Circuit dismissed

Meneweather's appeal as frivolous.[1]

On September 22, 2012, Meneweather filed the instant motion and supporting memorandum. On October 23, 2012, the Government filed its Answer.

## II. Law and Analysis

A federal prisoner may file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 allows a prisoner in federal custody to challenge his sentence if it "was imposed in violation of the Constitution or the laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where ineffective assistance of counsel leads to a failure to prosecute a direct appeal, a defendant may obtain relief under § 2255. This is true even where a defendant has waived his right to pursue a direct appeal, and even without a showing that the appeal would have merit. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

### A. Timeliness

All § 2255 motions are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1]In the meantime, on March 28, 2012, Meneweather also filed, *pro se*, a motion for reconsideration of his motion for credit for time served in state custody. The Court had previously addressed his arguments in an October 31, 2011 Order [Doc. No. 53]. The Court construed the motion for reconsideration as another attempted filing of a motion for writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, and denied the motion. [Doc. No. 71].

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered by the exercise of due diligence.

28 U.S.C. § 2255(f). If a petitioner files a motion over a year after the latest of these dates, the Court will dismiss the motion as untimely. When a defendant timely files a notice of appeal, but that appeal is dismissed for want of prosecution, his conviction becomes final upon the expiration of the ninety-day period for seeking certiorari, even though the prisoner has not filed such a petition. *United States v. Franks*, 397 Fed. App'x. 95 (5th Cir. 2010) (citing *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000)).

Meneweather contends that his counsel, Roland Charles ("Charles"), was ineffective by failing to prosecute his direct appeal because Charles was not knowledgeable about federal court sentencings, he refused to become a member of the Fifth Circuit bar, and he withdrew "after filing petitioner's Notice of Appeal," leaving Meneweather without appellate counsel and resulting in the dismissal of his appeal for want of prosecution. [Doc. No. 77].[2] Meneweather notes that he was in state custody at that time.[3]

Meneweather raises four questions for review, all related to Charles' representation and/or his original sentencing on March 23, 2009. With regard to these four questions,

---

[2]Meneweather's Notice of Appeal was not filed by counsel, but was filed *pro se*, although Charles may have physically presented the Notice of Appeal for filing with the Clerk of Court.

[3]Although Meneweather claims he was in state custody serving a federal sentence, his claim is factually incorrect. He was serving a state sentence prior to his coming into federal custody.

Meneweather has neither proven nor alleged that subsections (2), (3), or (4) of § 2255(f) apply; thus, applying subsection (1), in order for Meneweather's motion to be timely, it must have been filed within one year from the date his conviction became final. It was not. Meneweather's Judgment was entered on March 26, 2009. The Fifth Circuit dismissed Meneweather's appeal on April 29, 2010, and the dismissal order was entered in the record of this Court on May 6, 2010. The dismissal became final on August 4, 2010, and Meneweather was required to file his § 2255 motion no later than August 4, 2011. Meneweather did not file the instant § 2255 motion until September 22, 2012, well after the one-year limitations period had expired. Meneweather's § 2255 motion is clearly time-barred as to his first four questions.

**B. Claim Related to § 3582(c)(2) Motion and Appeal**

Meneweather also raises a fifth question related to his § 3582(c)(2) motion: "Should petitioner have received a sentence reduction on his 18 U.S.C. § 3582(c)(2) [m]otion based on the fact that he was sentenced under the 100 to 1 ration as opposed to the 18 to 1, when he committed the 'same' offense that those sentenced after him benefitted from under the newly [implemented] 'Fair Sentencing Act'"?

A sentence may be reduced under § 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as a result of a retroactive amendment. 18 U.S.C. § 3582(c)(2); USSG § 1B 1.10(a)(1). In this case, no retroactive amendment affected the calculation of Meneweather's sentence because he received a 120-month statutory minimum term of imprisonment on Count 3, the count charging him with distribution of cocaine base.

Further, in the context of a direct appeal, the Supreme Court held in *Dorsey v. United*

*States*, 132 S. Ct. 2321, 2326 (2012), that the lower mandatory minimums of the Fair Sentencing Act apply to offenders who committed their offenses prior to the August 3, 2010 effective date of the Act, but who were sentenced after the effective date. Meneweather's offense occurred in 2008; he was sentenced on March 23, 2009. Accordingly, he is not subject to the lower mandatory minimums.

Because of a mistake on the comparison of alternative calculations sheet prepared by the United States Probation Office [Doc. No. 74], the Court believed at the time it issued an Amended Judgment on January 26, 2012, that Meneweather had been sentenced to 87 months imprisonment on the crack cocaine distribution count. As a result, the Court mistakenly reduced Meneweather's sentence on Count 1, which actually charged him with being a felon in possession of a firearm, to 70 months imprisonment. Nevertheless, Meneweather's statutory minimum sentence of 120 months, which was the actual sentence imposed on his crack cocaine charge, was not reduced, and he is correctly serving a total of 120 months imprisonment.

Meneweather timely appealed the Court's January 26, 2012 Amended Judgment, and the Fifth Circuit dismissed that appeal as frivolous.

To the extent that Meneweather's § 2255 challenges the Court's mistaken, but beneficial, reduction, he is not entitled to any relief.[4]

---

[4]Although not addressed by the Fifth Circuit, the Government has also cited the Court to some persuasive case law which provides that modification of a defendant's sentence under § 3582(c)(2) does not affect the finality of the original judgment. *See* [Doc. No. 79 (citing *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001); *United States v. Jackson*, No. 5:06CR11, 2010 WL 2522720 (S.D. Miss. June 15, 2010)]. Thus, under this case law, Meneweather's § 2255 motion would also be untimely as to the fifth question. The Court need not resolve the timeliness issue, however, when Meneweather's fifth question is patently frivolous.

## III. Conclusion

For the foregoing reasons, Meneweather's Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 76] is DENIED.

MONROE, LOUISIANA, this 31st day of October, 2012.

Robert G. James

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE